## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. |
| PLAINTIFF, ) | |
| ) | |
| V. ) | COMPLAINT AND |
| ) | JURY TRIAL DEMAND |
| KOHL'S DEPARTMENT STORES, INC. ) | |
| ) | |
| DEFENDANT. ) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Pamela Manning.  As alleged with greater particularity below, Kohl's Department Stores, Inc., subjected Manning to discrimination by failing to accommodate her disability and constructively terminating her employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maine.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, as amended by the ADAAA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendant was a Delaware corporation doing business in Maine and continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Manning filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In or about March and April 2010, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112, as outlined below:

a. Manning has Type 1 diabetes, which requires at least five daily injections of insulin that must be timed to match her meals and activity. She has been diabetic for over 35 years. Her diabetes substantially limits endocrine function.

b.	Defendant hired Manning in or around October 2006 to work in its Westbrook, Maine store.  In or around January 2010, Manning's position as a Beauty Specialist was eliminated and she became a full-time Associate.

c.	After Manning became a full-time Associate, Defendant no longer provided her a regular schedule. In the absence of a regular set schedule, Manning began to experience complications with her diabetes that placed her health in serious jeopardy.

d.	 In or before March 2010, Manning explained to Defendant's Store Manager that the schedule she was giving her was adversely affecting her disability and her health, and she requested a steady set work schedule.  Defendant refused her request.

d.	On or about March 26, 2010, Manning provided Defendant a letter from her doctor which asked that Defendant accommodate Manning so that "she be allowed to work a predictable day shift."  The letter stated that Manning's "diabetes control has recently deteriorated and exhibits a clear stress pattern.  She reports that she is having difficulty matching her insulin action to her work schedule in your store when she swing shifts (e.g. working late shift one day and returning for an early shift the next day)…. A more predictable and regular schedule should help smooth her blood sugar control and help prevent serious complications of diabetes."

e.	Defendant refused to accommodate Manning's request and again scheduled her at times that presented unacceptable risks to her health. When Manning told Defendant that the hours Defendant was scheduling her for could kill her, its Store Manager laughed and told Manning that she would not accommodate her.

f.	Defendant had numerous employees on set schedules and had accommodated employees' scheduling requests for such reasons as day care, transportation, and other personal

3

needs.

  g. Upon being denied the accommodation, Manning was constructively discharged.

  9. Defendant's failure to accommodate Manning's disability violated the ADA.

  10 Defendant's constructive termination of Manning's employment violated the ADA.

  11. The unlawful employment practices complained of above were intentional.

  12. The unlawful employment practices complained of above were done with malice or with reckless indifference to Manning's federally protected rights.

  13. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Manning by depriving her of equal employment opportunities in violation of the ADA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  C. Order Defendant to make Manning whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including but not limited to, front pay or reinstatement.

  D. Order Defendant to make Manning whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, humiliation, embarrassment, and loss of enjoyment of life in amounts to be determined at trial.

  E. Order Defendant to pay Manning punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 23, 2011

          Respectfully submitted,
          P. David Lopez
          General Counsel

          James L. Lee
          Deputy General Counsel

          Gwendolyn Y. Reams
          Associate General Counsel

          /s/Elizabeth Grossman_____
          Elizabeth Grossman
          Regional Attorney
          elizabeth.grossman@eeoc.gov

          /s/Robert D. Rose_____
          Robert D. Rose
          Supervisory Trial Attorney
          Robert.rose@eeoc.gov

/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov