UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:11-cv-320-JAW |
| ) | |
| KOHL'S DEPARTMENT ) | |
| STORES, INC., ) | |
| ) | |
| Defendant ) | |

MEMORANDUM DECISION AND ORDER
ON MOTION TO QUASH SUBPOENAS

The plaintiff moves to quash or, alternatively, limit the scope of three subpoenas served by the defendant to health-care providers of Pamela Manning, on whose behalf the plaintiff has brought the instant suit alleging violation of the Americans with Disabilities Act ("ADA"). *See* Plaintiff Equal Employment Opportunity Commission's Motion To Quash or Limit Subpoenas ("Motion") (Docket No. 17) at 1.  For the reasons that follow, the Motion is **_DENIED_**, and the defendant's request, in its response to the Motion, for an order compelling enforcement of the subpoenas, *see* Response to Plaintiff's Motion To Quash or Limit Subpoenas ("Response") (Docket No. 21) at 5, is **_GRANTED_**.

On or about February 1, 2012, the defendant served subpoenas on Heidi M. Larson, M.D., Integrated Behavioral Healthcare, Inc. ("Integrated"), and Maine Medical Partners Endocrinology and Diabetes Center ("MMP Endocrinology") commanding each provider to produce the following

for the period from January 1, 2005, to the present: (i) a complete copy of Manning's medical records, (ii) all documents relating to any communications between the provider or her/its agents or representatives and Manning or her agents or representatives, and (iii) all documents relating to Manning.  *See* Response ¶ 4; Exh. I (Docket No. 17-9) to Motion.

The plaintiff moves to quash all three subpoenas on the bases that (i) the time frame for which records are sought is overbroad because Manning did not begin working for the defendant until approximately October 2006 and the events at issue occurred in January through March 2010, *see* Motion ¶¶ 8-10, and (ii) the plaintiff already is attempting to obtain Manning's medical records and intends to produce them to the defendant following a screening "for clearly irrelevant and potentially embarrassing information[,]" with an opportunity for the defendant to challenge any withheld information, *see id.* ¶ 5 & Exh. G (Docket No. 17-7) thereto.

The plaintiff alternatively requests that the subpoenas be limited to the time period commencing one year prior to the 2010 events giving rise to the instant litigation and ending one year thereafter.  *See* Motion ¶ 10.  In support of its alternative request, it cites *Equal Emp't Opportunity Comm'n v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 123 (W.D.N.Y. 2009), and *Equal Emp't Opportunity Comm'n v. Smith Bros. Truck Garage, Inc.*, No. 7:09-CV-00150-H, 2011 U.S. Dist. LEXIS 2774, at *6 (E.D.N.C. Jan. 11, 2011).  *See id*.

In response, the defendant (i) agrees to limit the scope of the subpoenas to the period from May 1, 2006, to the present, *see* Response ¶ 4, (ii) argues that the records sought for that modified period are highly relevant to the plaintiff's claims that the defendant failed to make a reasonable scheduling accommodation for Manning's diabetes, causing her to suffer more than garden-variety emotional distress, *see id*. ¶ 5, and (iii) contends that the plaintiff has demonstrated its inability to

2

obtain records from the three providers in the wake of requests for those records made by the defendant in December 2011, *see id.* ¶ 10.

The subpoenas, as modified to cover the period from May 1, 2006, to the present, indeed seek information relevant to this case. The plaintiff has identified Mary Williams, LCSW, of Integrated as having information concerning the emotional distress that Manning suffered as a result of the alleged discrimination to which the defendant subjected her, Dr. Larson, Manning's primary care physician, as having information relevant both to Manning's emotional distress and to various conditions including Manning's diabetes, and Irwin Brodsky, M.D., M.P.H., of MMP Endocrinology as having information relevant to Manning's diabetes and her need for a predictable, unchanging day work shift to allow proper diabetes management. *See* Exh. C (Docket No. 17-3) to Motion.

Manning, who has been a diabetic for more than 35 years, *see* Complaint and Jury Trial Demand ("Complaint") (Docket No. 1) ¶ 8(a), was a diabetic when the defendant hired her in October 2006. The plaintiff has produced an Application Summary for Disability Insurance Benefits dated June 7, 2011, in which Manning states that she became unable to work because of her disabling condition on June 15, 2010, and is still disabled. *See* Response ¶ 5(C). In addition, the plaintiff seeks damages on Manning's behalf for emotional pain, suffering, inconvenience, humiliation, embarrassment, and loss of enjoyment of life, *see* Complaint at 5, ¶ D, and has told the defendant that it seeks damages for more than so-called "garden variety" emotional distress, *see* Response ¶ 5(B).

In the circumstances, the defendant reasonably seeks records bearing on the nature of the plaintiff's mental and physical health for the period just prior to her employment through the present time. Indeed, as the defendant observes, *see id.* ¶¶ 6-8, the caselaw cited by the plaintiff generally

3

supports the defendant's position regarding the appropriate scope of the subpoenas, *see Smith Bros.*, 2011 U.S. Dist. LEXIS 2774, at *6 (limiting time frame of medical record subpoenas to a period commencing two years prior to incident at issue in ADA case and ending on date of production; noting that defendant employer was entitled to explore claimed emotional distress damages); *Nichols Gas*, 256 F.R.D. at 123 (granting in part defendant employer's request, in sexual harassment case, to compel discovery of claimants' medical records for the purpose of examining emotional distress claims, with limitation to the period from one year prior to one year subsequent to each claimant's employment).

With respect to the plaintiff's delays in producing the medical records at issue, during the course of a February 15, 2012, teleconference with counsel, I ordered the plaintiff to produce to the defendant, on or before February 29, 2012, medical records of Williams, Dr. Larson, and Dr. Brodsky as the temporal scope of those records might be limited by the instant ruling. *See* Docket No. 19 at 3. Nonetheless, because the plaintiff still had not obtained the records at issue as of the date of the teleconference, and the speed of the providers' production of records is not entirely within its control, I deem it appropriate to grant the defendant's request to enforce compliance with the subpoenas.

For the foregoing reasons, the plaintiff's motion to quash the three subpoenas is ***DENIED***, and the defendant's request to enforce compliance with those subpoenas, as modified to encompass the time period from May 1, 2006, to the present, is ***GRANTED***.

***SO ORDERED***.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 27th day of February, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge